**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                             No. CR 08-2142 JB

JINES ANTONIO HERNANDEZ-FLORES,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum in Support of Incorporation of Government's New Plea Policy as to Sentence, filed November 25, 2008 (Doc. 16). The Court held a sentencing hearing on December 1, 2008. The primary issue is whether the Court should depart 2 levels under the United States' new fast-track program, rather than the 1 level that the plea agreement allows, even though Defendant Jines Antonio Hernandez-Flores pled under a plea agreement that did not incorporate the United States' new fast-track program. Because the Court required the United States and Hernandez-Flores to modify their written plea agreement if they wanted to take advantage of the United States' new fast-track plea agreement, and because the Court engaged in a plea colloquy to make certain that Hernandez-Flores understood the consequences of entering into the modified plea agreement, the Court will grant his request to sentence him to the low end of the resulting guideline sentence under the new fast-track plea program.

**PROCEDURAL BACKGROUND**

On September 16, 2008, the United States Attorney's Office of the District of New Mexico decided upon a new fast-track plea policy in illegal re-entry cases for the District of New Mexico.

The United States stated that this policy would be effective not only for future cases, but also for any illegal re-entry case eligible for fast-track treatment where a plea had been entered but the sentencing was pending. Hernandez-Flores has entered a fast-track plea, but has not yet been sentenced.

Hernandez-Flores' plea did not incorporate the United States' new fast-track benefits. The current Presentence Investigation Report ("PSR"), however, takes into consideration the new plea policy and notes that, under this new policy, Hernandez-Flores has a final offense level of 8, total criminal history points of 4, and a criminal history category of III, resulting in a guideline sentence of 6-12 months. Hernandez-Flores has submitted a sentencing memorandum and requests therein that the Court and the United States Probation Office incorporate the United States Attorney's new plea and sentencing policy.

Hernandez-Flores requests that his guideline sentence be computed so that it reflects the changes in the United States' fast-track plea policy. Hernandez-Flores prays that the Court accept his memorandum as his formal request that the Court incorporate the United States' plea policy as of September 16, 2008 into his sentencing calculation and accept the PSR's recommendation that his guideline sentence under the new policy would be 6-12 months. Hernandez-Flores prays that the Court properly consider these factors in imposition of a reasonable sentence, incorporate the United States' amended plea policy into the guideline calculation, and impose a sentence of 6 months.

On November 30, 2008, the United States filed a response to Hernandez-Flores' sentencing memorandum. See Doc. 17. The United States agrees with the analysis and position stated in the PSR. The United States has no objection to Hernandez-Flores receiving the benefit of the United States' new fast-track program. The United States requests that the Court conclude that a sentence

at the low end of the advisory guideline range, after the agreed-upon adjustment, would constitute a reasonable sentence, and that no further departures or variances from the advisory guideline range are warranted.

## ANALYSIS

Hernandez-Flores is not seeking a deviation or departure from the advisory guideline range. The written plea agreement into which the parties have entered, however, requires any modification to be in writing. Accordingly, the Court has required the parties to modify the written agreement if they want to change the terms to take advantage of the United States' new fast-track program. And to ensure that Hernandez-Flores understands the consequences of entering into the modified plea agreement, the Court engaged in a plea colloquy with Hernandez-Flores at his sentencing. On these conditions, the Court grants the relief that Hernandez-Flores seeks, and will sentence him consistent with the new fast-track program, to 6-months incarceration.

**IT IS ORDERED** that the relief requested in the Defendant's Sentencing Memorandum in Support of Incorporation of Government's New Plea Policy as to Sentence is granted. The Court will sentence Hernandez-Flores to 6 months of incarceration.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney

Norman Cairns
  Assistant United States Attorney
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Jean A. McCray
Albuquerque, New Mexico

    *Attorneys for the Defendant*